# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: JAMES L. BUTLER, SR. | ) | Case No.: 11-81296-JAC-7 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| Tazewell T. Shepard, as Trustee for the | ) | |
| Estate of James L. Butler, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AP No.: 11-80094-JAC-7 |
| | ) | |
| James L. Butler, Sr., Ann Daniel, | ) | |
| James McGiboney, and Parallax | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED MEMORANDUM OPINION

On April 17, 2012, the debtor filed a document styled "Summary Judgment" in which he appears to confess judgment stating, "For James Butler deny Chapter 7 entirely." Accordingly, the memorandum opinion entered by this Court on April 13, 2012 denying the debtor's discharge

1

is amended for the limited purpose of recognizing the document filed by debtor on April 17, 2012. The remainder of this memorandum opinion is unaltered.

On April 2, 2012, this matter came before the Court on motion for summary judgment filed by the plaintiff, Tazewell T. Shepard, as trustee of the Chapter 7 Estate of James L. Butler, Sr., as to his complaint in this adversary proceeding. The parties were given an ample opportunity at the hearing to testify and argue in support of their respective positions.

Present in open court and participating in oral argument were Tazewell T. Shepard, trustee and counsel for the plaintiff; Robert Long, counsel for defendant Ann Daniel; and defendant James L. Butler, *pro se*. Defendant Ann Daniel was also present in the courtroom. This Court previously approved the trustee's settlement with defendant James McGiboney which dismissed McGiboney from this proceeding, and he did not attend this hearing.

For consideration of the trustee's motion, this Court takes judicial notice of all docketed items in the Chapter 7 case file and in the file of this adversary proceeding. *See Freshman v. Atkins*, 269 U.S. 121 (1925); *ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. 1981); *In re Nail*, 195 B.R. 922 (Bankr. N.D. Ala. 1996).

The first issue considered by this Court was the plaintiff's request for a monetary judgment against defendants Parallax Corporation and Ann Daniel, based on the trustee's assertion that Parallax Corporation's only asset was a piece of real property in Huntsville, Madison County, Alabama, which was sold for $98,986.13 in a closing held on July 29, 2010. Defendant Butler filed his bankruptcy on April 1, 2011. The trustee claimed in his complaint that the Chapter 7 debtor committed a preferential transfer to an insider under 11 U.S.C. § 547 within one year of his bankruptcy filing when he directed the closing attorney to remit to his sister, defendant Ann Daniel, all of the net proceeds from the sale of this property in partial satisfaction of debts he personally owed Daniel.

In open court, Mr. Long stated that his client, Ann Daniel, would confess to judgment on this portion of the complaint, and defendant Daniel stood up and affirmed her attorney's

2

statement as her legal position in this matter. The Court notes that defendant Parallax Corporation neither answered the complaint nor responded to the motion for summary judgment. Consequently, this Court will enter a separate order granting judgment to the plaintiff trustee and against defendants Ann Daniel and Parallax Corporation on this preferential transfer.

The other issue before the Court was the plaintiff's request for denial of defendant Butler's discharge in bankruptcy. In the complaint and the motion for summary judgment, the trustee based this request on 11 U.S.C. §§ 727(a)(2) and (a)(4). In light of the Bankruptcy Code's fresh start objective, courts construe "exceptions to discharge liberally in favor of the debtor and recognize that the reasons for denying a discharge must be real and substantial, not merely technical and conjectural."[1] A party objecting to discharge under § 727(a)(4) must prove by a preponderance of the evidence that the debtor is not entitled to receive a discharge.[2]

The trustee seeks denial of the debtor's discharge under 11 U.S.C. § 727(a)(4)(D), which provides that the Court may deny a discharge if it finds that the debtor knowingly and fraudulently, in or in connection with the case, withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers relating to the debtor's property or financial affairs. The focus under § 727(a)(4)(D) "is on the debtor's duty to maintain and turn over recorded information which bears upon the debtor's financial condition and business affairs."[3]

Upon review of the case file, the Court notes that the trustee sought, and this Court ordered, turnover of the Parallax real estate sale documents from both the debtor and the closing attorney. In his turnover motion concerning the debtor, the trustee alleged the debtor's failure to cooperate with the trustee, and the debtor did not file any pleading denying said accusation.

---

[1] *Murphy v. Rivertree Landing LLC (In re Murphy)*, 2008 WL 2224835 *2 (M.D. Fla. 2008)(citing *In re Miller*, 39 F.3d 301, 304 (11th Cir. 1994)).

[2] *Id.*

[3] *Mitan v. Taunt (In re Mitan)*, 2007 WL 1424225 * 3 (E.D. Mich. 2007).

3

At the hearing on the trustee's motion for summary judgment, the trustee reported to this Court that, despite this Court's turnover order, the debtor continued his failure to cooperate with the trustee's requests. The trustee stated that the debtor had turned over some irrelevant papers and bank statements but had not provided the "paper trail" the trustee sought in order to track the debtor's disposition of assets. The debtor was present in Court but did not offer any explanation to excuse this lack of compliance on his part. Subsequently, on April 12, 2012, the debtor filed a response to the trustee's motion for summary judgment which reiterated the nonresponsive and irrelevant arguments the debtor made at the summary judgment hearing. While the Court is aware that the debtor has been involved in litigation leading up to his bankruptcy filing, the issues on which the debtor seeks to focus are matters that could have been raised during those previous actions and same are not relevant to the issues before this Court, i.e. § 727(a)(2)(fraudulent transfer or concealment), and § 727(a)(4)(D) (withholding records from an officer of the estate).

Thus, it is reasonable to conclude, and this Court finds, that the debtor did knowingly withhold from the trustee, an officer of the estate, recorded information relating to his property or financial affairs. The debtor knew that the trustee sought this information and chose to withhold it.

Based on the Chapter 7 case file, the pleadings in this adversary proceeding, and the arguments and admissions of the parties at the hearing on April 2, 2012, the Court finds that the debtor's discharge is due to be denied in bankruptcy under 11 U.S.C. § 727(a)(4)(D).

In addition, the plaintiff trustee seeks a denial of the debtor's discharge under 11 U.S.C. § 727(a)(2)(A), which states that the Court can deny a discharge if the debtor, "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the debtor, within one year before the date of the filing of the petition."

In responding to the plaintiff trustee's motion for summary judgment, defendant Butler admitted to the Court that he was the sole owner, officer and director of Parallax Corporation and that the transfer of real estate sale proceeds to his sister for a personal debt he owed to her occurred as described in the trustee's complaint. "[W]here a debtor has paid existing debts, the funds used as payment are presumed to be the debtor's property absent some proof to the contrary offered by those defending the transfer." *In re Chase & Sanborn Corp.*, 813 F. 2d 1177, 1181 (11th Cir. 1987). Defendant Butler paid his existing debt to Daniel through the sale of the Parallax property. Since Daniel is and was a creditor of Butler, those funds are presumed to be the debtor's property. Therefore, the element of 727(a)(2)(A) that the property transferred is property of the estate is met.

Furthermore, defendant Butler admitted to the Court that he did transfer the sale proceeds from the Parallax property to his sister within a year of the bankruptcy. Based on Butler's own admissions, it is clear that Butler did permit a transfer of his property within a year of his filing for bankruptcy.

The final element of § 727(a)(2) is that the debtor made the transfer with "intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title." There is an abundance of evidence to demonstrate and satisfy this element of intent.[4] One such piece of evidence is that Butler did not disclose the transfer to his sister in his bankruptcy schedules; another piece is that the debtor made a false statement under oath at his 341 meeting of creditors.

Butler did not deny that he had an opportunity to review his bankruptcy schedules or that he signed his schedules under penalty of perjury. Instead, he offered two assertions to explain his failure to disclose the preferential transfer to his sister. The first assertion was that his attorney incorrectly told him that the trustee could only question transactions up to ninety days prior to a bankruptcy filing. The second assertion was that based on this legal advice he intentionally

---

[4] *See Phillips v. Epic Aviation (In re Phillips)*, 2012 WL 1071270 *2 (11th Cir. 2012)(explaining that debtors rarely admit fraudulent intent and, thus, same "is generally proven by circumstantial evidence or inferences drawn from circumstances surrounding the debtor").

5

picked April 1, 2011 to file his Chapter 7 case because he knew there were no transfers within the previous ninety days that he would have to explain. Thus, while Butler admitted in open court that he failed to disclose in his schedules the preferential transfer to defendant Daniel, he asserted that he did so innocently based on his attorney's advice.

The defendant's assertions are problematic in that even if they are true, they lend support to the plaintiff's position rather than to defendant Butler's position. The Eleventh Circuit has found that even if a failure to disclose in the debtor's schedules could be blamed on his or her attorney, "the nondisclosure could not in any event be considered inadvertent. The failure to comply with the Bankruptcy Code's disclosure duty is inadvertent only when a party either lacks knowledge of the undisclosed claim or has no motive for their concealment." *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1295 (11th Cir. 2003). The *Barger* court quoted the Supreme Court in *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962), and said "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Id*.

Even if the law did not frown on defendant Butler's explanation for his non-disclosure, the clear wording of his schedules would undercut his position. The Court notes that paragraph 10 of Butler's filed statement of financial affairs asks for any gifts or transfers within the past two years. It is not realistic for Butler to assert that he could ignore the plain language of this paragraph when he signed his schedules, based on some alleged verbal "ninety-day" misinformation from his attorney. Further, the debtor is an aerospace engineer and has been involved in numerous corporate entities. Thus, the Court finds that the debtor is a sophisticated and educated business person who knew that he had to disclose the transfer to his sister in response to paragraph 10 of his statement of financial affairs.[5]

---

[5] *See Phillips v. Epic Aviation (In re Phillips)*, 2012 WL 1071270 (11th Cir. 2012)(finding bankruptcy court did not err in denying debtor's discharge where debtor was a sophisticated and educated business person who knew that he has some sort of interest in property that he transferred four months prepetition but failed to disclose).

The Court also notes that although the bankruptcy filing occurred almost exactly one year ago, defendant Butler has never amended his statement of financial affairs to disclose the transfer to his sister. If his non-disclosure was a mistake as he claimed, he made no effort to correct it in the case file.

The plaintiff trustee also alleged that Butler made a false statement at the 341 meeting of creditors. The trustee stated that when he asked the debtor a question under oath similar to the question of paragraph 10 discussed above, i.e., as to gifts and transfers within one year of the bankruptcy filing, Butler told him that there were none. The plaintiff trustee further alleged that he learned of the preferential transfer to Butler's sister from creditor Kay Roome and that, even then, he received no cooperation from the debtor and had to seek turnover of the relevant documents from the closing attorney.

At the hearing on summary judgment, defendant Butler stated to the Court that he "misunderstood" the trustee's question at the 341 meeting. Butler claimed that he thought the question was about "any fraudulent transfers" within the past year. The trustee responded that he has asked this question about gifts and transfers of thousands of debtors over the years of his service as a trustee, and he has never phrased it as "any fraudulent transfers." Defendant Butler did not offer any explanation for his failure to produce records of the transfer to his sister at the trustee's request after the 341 meeting.

The Court notes that even if the trustee had used the phrase "fraudulent transfers" in his question, Butler was represented by counsel at the 341 meeting, and between Butler and his attorney, one of them should have brought up the transfer to Butler's sister within the past year. Indeed, in his complaint, the trustee alternatively characterized the transfer as "preferential" under 11 U.S.C. § 547 and "fraudulent" under 11 U.S.C. § 548.

In any event, the debtor's explanation that he misunderstood the trustee's question is not credible in light of his false oath in his filed bankruptcy schedules and Butler's admission that he date-shopped his petition filing to avoid scrutiny of his pre-bankruptcy activities.

The debtor's credibility is further weakened by his criminal background. In his argument to this Court, Butler admitted that he had been charged with a three-count indictment for fraud in connection with the sale of securities and that he pled guilty to one of the three counts against him.  Butler stated that he consequently served time in jail for this offense. Butler also admitted to the Court that he pled guilty to a charge of making terrorist threats against government officials and was sentenced to four years probation.

Thus, it is reasonable to conclude, and this Court finds the debtor's transfer of the sale proceeds to Daniel was intentionally made to defraud creditors and the trustee. Thereafter, the debtor answered falsely in his filed schedules and at his 341 meeting in an effort to conceal his fraudulent act. These facts satisfy the intent element of 11 U.S.C. § 727(a)(2)(A).

Based on the Chapter 7 case file, the pleadings in this adversary proceeding, and the arguments and admissions of the parties at the hearing on April 2, 2012, the Court finds that the debtor's discharge is due to be denied in bankruptcy under 11 U.S.C. § 727(a)(2)(A).

A separate order will be entered consistent with this opinion.

**DONE and ORDERED this date: April 17, 2012.**

/s/   Jack Caddell

Jack Caddell

United States Bankruptcy Judge